W. I. SLEMMONS, AS TRUSTEE, *Appellant*, v. SUWANNEE VALLEY FLORIDA LAND COMPANY, A CORPORATION, AND J. GANEY, *Appellees.*

Opinion Filed April 21, 1914.

Rehearing Denied May 19, 1914.

Where a contract to convey lands contemplates sales by the vendee to other parties, a court of equity may by appropriate decree protect rights acquired by purchasers from the vendee even

though a forfeiture of the contract as to the vendee be decreed.

Appeal from Circuit Court for Levy County; J. T. Wills, Judge.

Decree affirmed.

*H. M. Hampton,* for Appellant;

*Fred W. Cubberly,* for Appellees.

WHITFIELD, J.—The Suwannee Valley Florida Land Company and J. Ganey brought suit against Slemmons as trustee for the specific enforcement of a contract to convey lands. The defendant Slemmons, trustee, answered and also filed a cross-bill against the complainants in the original bill for the purpose of having the contract to convey the lands cancelled as a cloud on title, upon the ground that though the contract had been forfeited, rights were being claimed under it. Replications were filed and testimony taken. On final hearing the chancellor by decree dismissed the original bill of complaint as to the Suwannee Valley Florida Land Company and granted the relief sought by the cross-bill, as against the Suwannee Valley Florida Land Company, saving the rights of Ganey and others who were purchasers from the land company. Slemmons, trustee, appealed from the final decree.

It appears that Slemmons, as trustee, contracted to sell certain lands to Sidney M. Weil, who with the assent of Slemmons assigned his rights to the Suwannee Valley Florida Land Company, a corporation of which Weil was president.

By express provisions the contract contemplated the sale of the lands in small quantities by the land company at greatly advanced prices, and the payment to the vendor

of stated prices per acre under stated conditions. Numerous sales were made by the land company to various persons, including Ganey, who made partial payments on the small purchases. The land company failed to comply with the contract in material respects and the court was justified in decreeing a forfeiture and cancellation of the contract as to the land company. As the contract contemplated sales of the lands to small purchasers who could get title only through a conveyance made by Slemmons, trustee to the land company, as the performance of the contract required, the chancellor properly provided for the carrying out of the small contracts, and for forfeitures when the small purchasers failed to comply with reasonable requirements. The decree reserved the rights of the parties among themselves as to money due and unpaid. The legal effect of the decree is not an unwarranted hardship on the original vendor of the land, since he contemplated and made possible the sales to small purchasers; and his rights as against such purchasers are fully protected should their contracts not be carried out.

The decree does substantial justice and is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.